IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RORY MARA, #A0183774, | ) | CIV. NO. 12-00428 HG/KSC |
| Plaintiff, | ) | |
| vs. | ) | **TRANSFER ORDER** |
| DEWHITE, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**TRANSFER ORDER**

Plaintiff Rory Mara, a Hawaii inmate confined at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona, has filed a *pro se* prisoner civil rights action in this court. Compl., ECF Doc. No. 1. Plaintiff alleges Defendant Dewhite, apparently a prison guard employed at SCC, assaulted him on or about September 28, 2010.[1] The court finds that venue is improper in Hawaii and that transfer of this action is in the interests of justice pursuant to 28 U.S.C. § 1406(a). Accordingly, this action is TRANSFERRED to the U.S. District Court for the District of Arizona. Plaintiff's claims concern incidents that allegedly occurred in 2010 in Arizona involving a Defendant who is employed by SCC in Arizona. When jurisdiction is not founded solely on diversity, such as in an action brought under 42 U.S.C. § 1983, venue is proper in the

---

[1] Plaintiff submitted an incomplete *in forma pauperis* application, that the court denied, before the court screened this complaint and realized that venue was improper in Hawaii. ECF #4. Plaintiff may refile a fully-completed *in forma pauperis* application with the District of Arizona.

district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b); *see also Ziegler v. Indian River Cnty.*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Lee v. Corr. Corp. of Am.*, 525 F. Supp. 2d 1238, 1243 (D. Haw. 2007). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Venue for Plaintiff's claims alleging an assault at SCC by an SCC employee does not lie in Hawaii, but in Arizona. *See* 28 U.S.C. § 1391(b). The interests of justice favor transfer of this case to the District of Arizona where the significant events or omissions material to Plaintiff's claims are alleged to have occurred, witnesses may be found, there is access to the necessary evidence, and there is a local interest in resolving the matter. *See* 28 U.S.C. § 1406(a); *see also King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992).

This action is TRANSFERRED to the U.S. District Court for the District of Arizona.  The Clerk of Court is DIRECTED to close the file and send any pending motions or further documents received from Plaintiff to the U.S. District Court for the District of Arizona.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 27, 2012.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

*Mara v. DeWhite*, 1:12-00428 HG/KSC; Transfer Order; psas\Trsf or Venue/2012/ 12-428 hg (to AZ, orig j)